IN THE SUPREME COURT OF THE STATE OF DELAWARE

JAMES ST. LOUIS, §
§
    Defendant Below, § No. 574, 2014
    Appellant, §
§
v. § Court Below—Superior Court
§ of the State of Delaware,
STATE OF DELAWARE, § in and for Sussex County
§ Cr. ID No. 0009015005
    Plaintiff Below, §
    Appellee. §

Submitted: October 31, 2014
Decided: November 24, 2014

Before **STRINE**, Chief Justice, **RIDGELY**, and **VALIHURA**, Justices.

# **O R D E R**

This 24th day of November 2014, after careful consideration of appellant

James St. Louis's opening brief, the appellee's motion to affirm,[1] and the record

below, we find it manifest that the judgment below should be affirmed on the basis

of the Superior Court's well-reasoned decision dated September 16, 2014. The

Superior Court did not err in summarily dismissing James St. Louis's sixth

postconviction motion under Superior Court Criminal Rule 61(d)(2). St. Louis did

not plead with particularity the existence of new evidence creating a strong

---

[1] St. Louis's request to respond to the motion to affirm is denied. Under Supreme Court Rule 25(a), no response to a motion to affirm is permitted unless requested by the Court. The Court did not request a response to the motion to affirm and finds no good cause to permit a response in this case.

inference that he was actually innocent of the underlying charges[2] or plead with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review, applied to his case and rendered his conviction invalid.[3] As a result of his failure to satisfy Rule 61(d)(2)(i) or (ii), St. Louis was not entitled to appointment of counsel.[4]

We also note that this is St. Louis's sixth postconviction motion. In the future, if St. Louis files additional motions, we do not intend to invest scare judicial resources addressing repetitive claims. We encourage St. Louis to be mindful of Rule 61(j).[5]

---

[2] Super. Ct. Crim. R. 61(d)(2)(i) (requiring dismissal of second or subsequent postconviction motion unless movant was convicted after trial and pleads with particularity existence of new evidence creating a strong inference that he is actually innocent).

[3] Super. Ct. Crim. R. 61(d)(2)(ii) (requiring dismissal of second or subsequent postconviction motion unless movant was convicted after trial and pleads with particularity claim that new rule of constitutional law, made retroactive to cases on collateral review, applies to his case and renders his conviction invalid).

[4] Super. Ct. R. 61(e)(4) (judge may appoint counsel for indigent defendant's second or subsequent postconviction motion only if judge determines that motion satisfies pleading requirements of Rule 61(d)(2)(i) or (ii)).

[5] Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

/s/ Karen L. Valihura
Justice

3